# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NORTHEAST OKLAHOMA ELECTRIC COOPERATIVE, an Oklahoma Cooperative Corporation, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 11-CV-0320-CVE-FHM |
| SOUTHWESTERN BELL TELEPHONE COMPANY, d/b/a AT&T OKLAHOMA, | ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter comes before the Court on two motions in limine filed by defendant Southwestern Telephone Company, d/b/a AT&T Oklahoma (AT&T).  Dkt. ## 48, 49.

First Motion in Limine (Dkt. # 48)

Defendant's first motion in limine seeks to prohibit NEOEC from introducing evidence that NEOEC's "pole attachment rates or rate proposals are reasonable and/or based on cost, including any such opinion based on the Federal Communications Commission Telecom Formula . . . or other methodology for determining rates for attachment of telephone lines to utility poles."  Dkt. # 48 at 1.  Defendant asserts that any such information must be presented by expert testimony because it requires "technical skill, training and specialized knowledge."  Dkt. # 48 at 7.  Plaintiff has not designated any expert witness to testify on this topic; thus, defendant argues, any testimony by lay witnesses must be prohibited.

"When the subject matter of proffered testimony constitutes 'scientific, technical, or other specialized knowledge,' the witness must be qualified as an expert under Rule 702."  LifeWise Master Funding v. Telebank, 374 F.3d 917, 929 (10th Cir. 2004) (citing Fed. R. Evid. 702). "[A]

person may testify as a lay witness only if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary person." Id. (quotation marks and citation omitted); see also Fed. R. Evid. 701 (Adv. Comm. Notes (2000 amend.)) ("[T]he distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." (quotation marks and citations omitted)).

Defendant argues that plaintiff cannot present evidence of how plaintiff establishes its own rates without the use of an expert witness because it consists of a "complex methodology" based on three separate formulas. Dkt. # 62 at 3. Plaintiff asserts that its witnesses will merely be testifying as to how they perform their job duties and that the calculation of rates requires only simple mathematical calculations. Further, plaintiff argues that whether its employees "correctly" interpret the FCC regulations or other formulas is irrelevant, as they are not required to abide by these formulas.

This Court found in its summary judgment opinion and order that plaintiff was not obligated to charge a cost-based rate or a rate in compliance with the FCC regulations. Dkt. # 67 at 14-16. Thus, plaintiff is under no obligation to prove, or even to present evidence, that its proposed rate is cost-based or in compliance with the FCC regulations. However, as the Court noted in its opinion and order, "the FCC regulations, as well as other sources cited by defendant, may be relevant to the fact-finder's determination of what defendant would have been obliged to pay for like benefits under the prevailing conditions." Id. at 16.

In its opinion and order, the Court relied on the two leading Oklahoma cases regarding damages for quasi-contract. See Welling v. American Roofing & Sheet Metal Co., 617 P.2d 206,

209-10 (Okla. 1980); <u>Monarch Refineries, Inc. v. Union Tank Car Co.</u>, 141 P.2d 556, 558 (Okla.

1943). In <u>Monarch</u>, the Oklahoma Supreme Court stated that:

> where the owner is engaged in the business of letting out the particular property for hire at regular rates established in good faith pursuant to bona fide business policy, a party who takes the property and employs it to his own use without consent of the owner is implied in law to have assented to such rates and to have assumed the obligation to pay accordingly, if the owner elects to hold him to that duty.

<u>Id.</u> Thus, plaintiff must prove that the proposed rate is a regular rate established in good faith

pursuant to a bona fide business policy.

Plaintiff's lay witnesses may testify as to their own job duties and the manner in which they

perform those duties. Testimony regarding a witness' personal experience or knowledge is proper.

Further, if plaintiff's witnesses merely testify as to how they arrive at a certain rate, there will not

be any "opinion" testimony and Rules 701 and 702 will not be implicated. Plaintiff need not prove

that it performed calculations in compliance with a particular methodology. It need only explain

how it arrived at the proposed rate in good faith. Further, plaintiff's witnesses do not need to explain

how the FCC methodology works or opine on the validity or interpretation of that methodology. <u>See</u>

<u>LifeWise Master Funding</u> 374 F.3d at 928 (stating that expert must be qualified to "explain how the

model works or to opine on the statistical validity or interpretation of the results").

Defendant's motion is denied without prejudice if a specific issue arises at trial.

<u>Second Motion in Limine</u> (Dkt. # 49)

Defendant's second motion in limine seeks to exclude nine general categories of evidence.

Defendant's requests are not tailored to any specific evidence that is likely to be offered at trial, but

instead contain objections to hypothetical evidence that it anticipates plaintiff might seek to

introduce at trial. Further, defendant's requests contain no legal analysis and, for the most part, do not cite to any applicable case law. Each request is addressed in turn.

1) <u>Resources Available</u>. Defendant objects to "any reference to the relative size, including the number of attorneys, experts, and the assets or resources available to the firms representing AT&T Oklahoma in this matter." Dkt. # 49 at 1. Plaintiff responds by stating that this request is vague and ambiguous, but argues that the issue of AT&T's available resources could be relevant to "AT&T's position that it has a legal duty to provide telephone services to the public . . . [and] AT&T's resources to make alternative arrangements . . ." Dkt. # 56 at 5.

Under Fed. R. Evid. 401, relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." However, relevant evidence can be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed.R.Evid. 403. When considering a Rule 403 challenge, the court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." <u>Mendelsohn v. Sprint/United Management Co.</u>, 466 F.3d 1223, 1231 (10th Cir. 2006). Exclusion of evidence under Rule 403 is an extraordinary remedy that should be used sparingly. <u>World Wide Ass'n of Specialty Programs v. Pure, Inc</u>., 450 F.3d 1132, 1139 (10th Cir. 2006).

The Court is not convinced that the issue of AT&T's available resources has any relevance to the issue of whether NEOEC's proposed rate is what AT&T would be obligated to pay for like benefits under prevailing conditions. While the jury may find it relevant to consider AT&T's alternatives in determining whether the proposed rate meets that standard, AT&T's ability to pay

for those alternatives does not inform the question. On the other hand, such evidence may be prejudicial to defendant because the jury could presume that defendant is able to pay a higher rate than it might otherwise be obligated to pay for like benefits under prevailing conditions. Thus, the minimal probative value is outweighed by a danger of unfair prejudice. Plaintiff will be precluded from offering evidence of AT&T's available resources, and defendant's request is granted.

       2)    <u>Financial Information</u>. <u>See</u> category # 1, <u>supra</u>.

       3)    <u>Third Party Agreements for Pole Attachments</u>. Defendant seeks to exclude evidence of any agreements that either plaintiff or defendant has with third parties. However, the parties' agreements with non-parties are highly relevant to the issue of what defendant would be obligated to pay for like benefits in prevailing conditions; defendant may present evidence to the jury to attempt to distinguish these other contracts. Defendant has not articulated any reason that such third party agreements would be prejudicial. Defendant's request is denied.

       4) <u>Motions in Limine</u>. Defendant seeks to exclude any mention of attempts to exclude certain evidence from the case. Plaintiff objects that this request is overly broad, but states that it does not anticipate introducing such evidence. Defendant's request is denied as moot.

       5) <u>Probable Testimony</u>. Defendant seeks to exclude "the probable testimony of a witness who is absent, unavailable, not called, or not allowed to testify." Dkt. # 49 at 2. Plaintiff objects that this request is vague and overly broad. The Court agrees. Defendant has not identified any particular evidence that might be offered under this category. Thus, it is impossible for the Court to evaluate whether this evidence would be admissible under the Federal Rules of Evidence. Defendant's motion is denied without prejudice if a specific issue arises at trial.

6) <u>Settlement Negotiations.</u>  Defendant seeks to exclude "any settlement offers, demands, or negotiations" not including contract negotiations.  Plaintiff states that it will comply with the Federal Rules of Evidence regarding settlement negotiations.  Defendant's request is denied as moot.

7)  <u>Committing Jurors to a Particular Amount or Range.</u>  It appears that this request seeks to exclude any questions during voir dire regarding a potential juror's inclination to award a particular amount.  The Court, rather than the parties, conducts voir dire and views such voir dire questioning as inappropriate and unrelated to qualification for jury service.  Defendant's request is granted.

8) <u>Objection to Discovery</u>.  Defendant seeks to exclude any objection to a discovery request or advice given at a deposition not to answer a particular question or produce a particular document. Plaintiff responds that it may seek to introduce evidence of prior discovery objections in order to impeach defendant's witnesses.  Specifically, plaintiff states that there are inconsistencies in defendant's discovery responses regarding defendant's agreements with non-parties.  Because the particular evidence is not currently before the Court, it is impossible to assess the potential relevance or prejudicial effect of such evidence.  It is further impossible to assess whether such evidence is admissible under the Federal Rules of Evidence for impeachment or some other purpose. Defendant's request is denied without prejudice if a specific issue arises at trial.

9) <u>Size of Law Firms</u>.  Defendant seeks to exclude any mention of "the number of attorneys, legal assistants, or the location of AT&T Oklahoma's attorneys' law firms." Dkt. # 49 at 3.  NEOEC states that it has no objection to this request.  Defendant's request is granted.

**IT IS THEREFORE ORDERED** that defendant's first motion in limine (Dkt. # 48) is **denied**, and defendant's second motion in limine (Dkt. # 49) is **granted in part**, **denied in part**, and **denied as moot in part**.

**DATED** this 31st day of January, 2012.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT